UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-23220-CIV  COOKE/BROWN

ADOLFO COULSON,

    *Plaintiff*,

v.

ROBERT L. PARKER, *et al.*,

    *Defendants*.

_____/

## ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT DELGADO'S MOTION TO DISMISS

**THIS MATTER** is before the Court upon Defendant Delgado's Motion to Dismiss [DE 18], filed June 3, 2008.  On June 6, 2008, Plaintiff filed his Response to Defendant Delgado's Motion to Dismiss [DE 20].  Defendant Delgado subsequently filed his Reply [DE 22] on June 13, 2008.

In his Motion to Dismiss, Defendant Delgado argues that Plaintiff's Complaint should be dismissed for failure to timely effectuate service.  Plaintiff filed his Complaint [DE 1] on December 11, 2007.  As Defendant points out, Plaintiff did not effectuate service upon Defendant Delgado until 156 days later, on March 5, 2008.  *See* DE 10.  Normally, a plaintiff must have served all defendants within 120 days after filing his complaint, or the action will be dismissed as to any defendant not served within that time.  Fed. R. Civ. P. 4(m).  However, when a plaintiff has moved to proceed *in forma pauperis*, the 120-day limitation is tolled while the Court decides on that motion.  *Matthews v. Marten Transp., Ltd.*, 354 F. Supp. 2d 899, 902 (W.D. Wis. 2005) (citing *Williams -Guice v. Bd. of Educ. of the City of Chicago*, 45 F. 3d 161, 162 (7th Cir.

1995)); *Sidney v. Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005); *see* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1137 (3d ed. 2008); *see also Toliver v. Sullivan County*, 841 F. 2d 41, 42 (2d Cir. 1988); 1993 Amendment to Fed. R. Civ. P. 4(m) advisory committee's notes (instructing courts to "take care to protect *pro se* plaintiffs" while deciding on their applications to proceed *in forma pauperis*); *cf. Rodgers v. Bowen*, 790 F. 2d 1550, 1553 (11th Cir. 1986) (stating that it was "reasonable for service to have been delayed while [the plaintiff] awaited a ruling on her application to proceed *in forma pauperis*"). Because Plaintiff here moved to proceed *in forma pauperis* on December 11, 2007, *see* DE 2, and the Court did not decide on that motion until February 27, 2008, *see* DE 7, the period of time between those dates does not count towards the 120-day limitation. Therefore, subtracting that time from the 156 days, Plaintiff served Defendant within 77 days, making service timely.

Defendant Delgado also argues that Plaintiff's Complaint should be dismissed in its entirety because it generally fails to plead Delgado's involvement with sufficient specificity. In support of this argument, Delgado alludes to the general pleading requirement that Plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Defendant cited only one case, which, in relevant part, stands for the proposition that there are "heightened pleading requirements" for claims brought under 42 U.S.C. §1983, especially those that involve qualified immunity. *Dalrymple v. Reno*, 334 F. 3d 991,996 (11th Cir. 2003) (citing *GJR Investments, Inc. v. County of Escambia*, 132 F. 3d 1359, 1367 (11th Cir. 1998)). Several of Plaintiff's fourteen counts do arise under §1983, and, presumably, Defendant Delgado will invoke the defense of qualified immunity.

However, because Plaintiff is proceeding *pro se*, his pleadings should be reviewed with greater leniency than those submitted by a trained attorney. *GJR Investments*, 132 F. 3d at 1369. Furthermore, Plaintiff has alleged "with some specificity the facts which make out [his] claim," *id.* at 1367, and the Complaint is not so "vague or conclusory" that dismissal would be justified. *See Dalrymple*, 334 F. 3d at 996 (quoting *Fullman v. Graddick*, 739 F. 2d 553, 556-57 (11th Cir. 1984)). For example, Plaintiff has alleged, *inter alia*, that Delgado was involved in the unlawful attack on Plaintiff by a police dog and that Delgado was involved in four separate unlawful arrests of Plaintiff. Accordingly, the Court concludes that Plaintiff has pleaded Defendant Delgado's involvement with sufficient specificity.

Delgado also argues that the case should be dismissed for failure to meet the pleading requirements of Rule 10. Because plaintiff makes several references in the body of his Complaint to "defendants" that were not named as defendants in the caption, Delgado argues that the Complaint should be dismissed in its entirety. However, Rule 10 only requires that the caption set forth the names of all parties. Fed. R. Civ. P. 10(a). The Rule does not state that the Court should dismiss a case for mistakes like those made by Plaintiff. Defendant Delgado has not cited any case law that supports dismissal on these grounds and the Court is not aware of any. Nor has Delgado argued that any of the "defendants" mentioned by Plaintiff in the body of his Complaint are essential parties to the case, and, thus, that the action should be dismissed on grounds such as failure to join indispensable parties. Consequently, the Court will not dismiss the case on Rule 10 grounds.

Additionally, Defendant Delgado argues that count eight of Plaintiff's Complaint, which purports to state a claim against Delgado "under Florida law for harassment," *see* DE 1, should be dismissed for failure to state a claim under Rule 12(b)(6). Because Plaintiff has cited no Florida statutory or common law supporting his claim for harassment and the Court is aware of none, the Court agrees with Defendant that Plaintiff's harassment count (count eight) should be dismissed for failure to state a claim upon which relief can be granted.[1]

Lastly, Defendant Delgado argues that count twelve of the Complaint, which alleges Delgado's involvement in malicious prosecution of Plaintiff, should be dismissed for failure to state a claim. Specifically, Delgado references Plaintiff's Complaint, which alleges that the "Defendants initiated and commenced the criminal prosecution against Plaintiff which was the legal causation by Def. Delgado, et al., against Plaintiff." Delgado quotes the Complaint to support the argument that Plaintiff failed to allege with specificity that Delgado himself was the legal cause of the malicious prosecutions. Although Plaintiff's Complaint does display inexpert draftsmanship, Plaintiff is proceeding *pro se* and his pleadings should be read with greater leniency. *GJR Investments*, 132 F. 3d at 1369. It is sufficiently clear that Plaintiff alleges in count twelve of his Complaint that Delgado was the legal cause of the criminal prosecution. Moreover, Plaintiff's allegations are not merely conclusory, as he alleges Delgado's various degrees of participation in each of the four arrests discussed in the Complaint.

---

[1] Moreover, Plaintiff's references in count eight to bodily injury, emotional distress, and other alleged injuries resulting from the alleged harassment are redundant because Plaintiff has already stated separate claims addressing these injuries.

Also with respect to count twelve, Defendant Delgado argues that the count should be dismissed for failure to state a claim because two of the five referenced prosecutions are still pending. Defendant has provided no case law or statutory support for this argument and the Court is not aware of any. Although Defendant is correct in asserting that there is no current cause of action arising as to the still pending criminal prosecutions, Plaintiff has sufficiently made out a claim for malicious prosecution based on the three prosecutions that have already been terminated in his favor. Moreover, it would be illogical to dismiss a claim merely because the Plaintiff mentioned inconsequential and superfluous information. Both of Defendant Delgado's arguments as to Plaintiff's malicious prosecution count (count twelve) are rejected, and, therefore, count twelve of the Complaint shall not be dismissed for failure to state a claim. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss [DE 18] is **DENIED** *in part* and **GRANTED** *in part* in that:

1. Count eight of Plaintiff's Complaint is **DISMISSED** *without prejudice*.

2. Defendant's Motion is **DENIED** as to all other counts.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 18th day of June 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*The Hon. Ted E. Bandstra*
*Counsel of Record*