UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.: 07-23220-CIV  COOKE/BANDSTRA

ADOLFO COULSON,

    *Plaintiff*,

v.

CITY OF MIAMI, *et al.*,

    *Defendants*.

_____/

## ORDER ACKNOWLEDGING PLAINTIFF'S AMENDED COMPLAINT AND DISMISSING THREE COUNTS OF AMENDED COMPLAINT

**THIS MATTER** is before the Court upon Plaintiff's Motion to Amend Complaint [DE 21], filed June 6, 2008, and upon a *sua sponte* review of Plaintiff's Amended Complaint [DE 24], filed June 23, 2008.  Because Plaintiff had not previously amended his Complaint, and no responsive pleadings had been filed at the time of Plaintiff's Motion to Amend, the Court will construe Plaintiff's Motion to Amend and subsequent filing of the Amended Complaint as an amendment as of right.  *See* Fed. R. Civ. P. 15(a)(1)(A).

In Counts eight and nine of his Amended Complaint, Plaintiff has reasserted his claims "under Florida law for harassment" against Defendant Delgado and the City of Miami.  *See* DE 1 and DE 24.  In my Order Denying in Part and Granting in Part Defendant Delgado's Motion to Dismiss [DE 23], issued June 19, 2008, I dismissed Count eight of the original Complaint, a count that was nearly identical to count eight of Plaintiff's Amended Complaint.  In that Order, I explained that because Plaintiff had cited no Florida statutory or common law supporting his claim for  harassment and

because the Court was aware of none, count eight was dismissed for failure to state a claim upon which relief can be granted. Plaintiff, in support of his reassertion of his harassment claims, has offered the Court his Memorandum of Law [DE 27], filed June 24, 2008. In that Memorandum, Plaintiff refers the Court to Section 843.0855 of the Florida Statutes, and, more specifically, to paragraph (4). Paragraph (4) states: "[a]ny person who . . . attempts . . . to influence, intimidate, or hinder a public officer or law enforcement officer . . . by means of, but not limited to, threats of or actual physical abuse or *harassment* . . . commits a felony . . . ." Fla. Stat. § 843.0855 (2007). Not only does that Section pertain to "obstructing justice," and, thus, is completely irrelevant, but paragraph (4) is actually referring to acts against public officers. *Id.* Acknowledging the possibility that Plaintiff is attempting to persuade the Court to recognize a new cause of action, I should note that a federal district court is ill-suited to recognize a new species of tort under Florida law. *See Vernon v. Medical Management Associates, Inc.*, 912 F. Supp. 1549, 1564 (S.D. Fla. 1996) (dismissing the Plaintiff's claim for "negligent failure to eliminate sexual harassment" after failing to find any Florida case law recognizing that cause of action); *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1375 (M.D. Fla. 1999) (dismissing the Plaintiff's *common law* claim for sexual harassment because the state court system had not recognized such a claim). Because Plaintiff has failed to cite any relevant Florida law to support his claims for harassment, and because the Court is still unaware of any, counts eight and nine of the Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

In count three of the Amended Complaint, Plaintiff has brought a claim against the City of Miami for excessive use of force pursuant to 42 U.S.C. § 1983.  Under § 1983, however, a municipality "may be held liable for constitutional violations committed by its officers only if a municipal policy or custom is the moving force behind the violation."  *Lewis v. City of West Palm Beach*, 2008 U.S. Dist. LEXIS 21587 at *25 (S.D. Fla., 2008) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (U.S. 1978)).  Plaintiff alleges that the City "has the authority to hire, fire and/or discipline [its employees] . . . and establishes policies and procedures" pertaining to force and detention.  *See* DE 24.  He also alleges that the "City of Miami is the final authority with respect to the detention and physical abuse of Plaintiff."  *See Id*.  Nowhere, however, does Plaintiff allege the requisite causal connection between the City's policies and procedures and the harm suffered by Plaintiff.  *See Monell*, 436 U.S. 658, 694 (U.S. 1978).  Notwithstanding the less stringent pleading standards applied to *pro se* litigants, Count three of Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted because Plaintiff has failed to allege a necessary material element of the claim.  *See Snow v. DirecTV, Inc.*, 450 F. 3d 1314, 1320 (11th Cir. 2006); *see also Jones v. Moore*, 2008 U.S. Dist. LEXIS 9874 at *5 (S.D. Fla. Feb 11, 2008) (stating that a *pro se* plaintiff should plead the elements of his claim).  Accordingly, it is hereby **ORDERED** and **ADJUDGED** that Counts three, eight, and nine of Plaintiff's Amended Complaint are **DISMISSED** *without prejudice*.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 10th day of July 2008.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Ted E. Bandstra*
*Counsel of Record*